IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| FRIENDS OF THE COLUMBIA GORGE, INC., and IN DEFENSE OF ANIMALS,<br><br>        Plaintiffs,<br><br>v.<br><br>ROY ELICKER, DIRECTOR, OREGON DEPARTMENT OF FISH AND WILDLIFE; MARLA RAE, CHAIR, OREGON FISH AND WILDLIFE COMMISSION; and UNITED STATES FOREST SERVICE,<br><br>        Defendants. | 05-CV-646-BR<br><br>OPINION AND ORDER |

**GARY K. KAHN**
Reeves, Kahn & Hennessy
4035 S.E. 52nd Ave.
Portland, OR 97286-0100
(503) 777-5473

        Attorneys for Plaintiffs

1  -  OPINION & ORDER

**KARIN J. IMMERGUT**
United States Attorney
**STEPHEN J. ODELL**
Assistant United States Attorney
1000 S.W. Third Avenue, Suite 600
Portland, OR 97204-2902
(503) 727-1024

>           Attorneys for Defendant United States Forest
>           Service (hereinafter referred to as USFS)

**HARDY MYERS**
Attorney General of Oregon
**JOHN CLINTON GEIL**
**MATTHEW J. DONAHUE**
Assistant Attorneys General
Oregon Department of Justice
1162 Court Street N.E.
Salem, OR 97301-4096
(503) 974-4792

>           Attorneys for State Defendants Roy Elicker,
>           Director of Oregon Department of Fish and
>           Wildlife, and Marla Rae, Chair of Oregon Fish and
>           Wildlife Commission (hereinafter referred to as
>           State Defendants)

**BROWN, Judge.**

This matter comes before the Court on State Defendants' Motion for Reconsideration (#145) of the Court's Opinion and Order issued December 27, 2007. For the reasons that follow, the Court **GRANTS** State Defendants' Motion for Reconsideration and, having reconsidered the merits of State Defendants' arguments, the Court **DENIES** State Defendants' request for the Court to alter or to amend its Opinion and Order.

2  -  OPINION & ORDER

## BACKGROUND

Plaintiffs Friends of the Columbia Gorge, Inc., and In Defense of Animals filed a Complaint on May 6, 2005 challenging a plan to release Rocky Mountain goats (Reintroduction Plan) in the Columbia River Gorge National Scenic Area developed by the Oregon Department of Fish and Wildlife (ODFW) with the assistance of Defendant USFS.  Plaintiffs assert two claims against State Defendants Roy Elicker, Director of ODFW, and Marla Rae, Chair of the Oregon Fish and Wildlife Commission, in their official capacities.  Plaintiffs allege State Defendants violated the Columbia River Gorge National Scenic Area Act, 16 U.S.C. §§ 544-544p, by approving ODFW's Reintroduction Plan without ensuring it was reviewed for consistency with the Scenic Area Act.  Plaintiffs assert a similar claim against USFS alleging it violated the Scenic Area Act and the Management Plan for the Scenic Area by failing to conduct a consistency review to determine whether the Reintroduction Plan is consistent with governing law.  In addition, Plaintiffs allege USFS violated the National Environmental Policy Act (NEPA) by failing to satisfy NEPA requirements to review the environmental impacts of the Reintroduction Plan and violated the National Forest Management Act by failing to prohibit the Reintroduction Plan even though it is inconsistent with the Mount Hood National Forest Land and Resource Management Plan.

3  -   OPINION & ORDER

**DISCUSSION**

**I.   State Defendants' Motion for Reconsideration.**

    **A.   Standards.**

The disposition of motions for reconsideration is within the discretion of the district court.  *See* Bliesner v. Commc'n Workers of Am., 464 F.3d 910, 915 (9th Cir. 2006). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Nunes v. Ashcroft*, 375 F.3d 805, 807 (9th Cir. 2004).  *See also* Fed. R. Civ. P. 60(b).

    **B.   Analysis.**

State Defendants request the Court to reconsider "its conclusion that the Oregon Department of Fish and Wildlife is enjoined from implementing the Goat Re-Introduction Plan given that the Court also determined that it lacked subject-matter jurisdiction over [State] defendants based on Eleventh Amendment Immunity."  The Court points out, however, ODFW was not a party in this matter.  In its Opinion and Order issued December 27, 2007, the Court dismissed Plaintiffs' claims against the individual State Defendants on the ground that "State Defendants in their official capacities have Eleventh Amendment immunity in

4   -   OPINION & ORDER

this case."

In their Motion for Reconsideration, State Defendants also contend the Court "appears to conclude on page 43 of the Opinion that both USFS and the state defendants are enjoined from further action on the Re-Introduction Plan under NEPA." The Court, however, did not enjoin State Defendants or any party to this matter. The Court held because federal regulations require USFS approval of the Reintroduction Plan, USFS's role in the Re-introduction Plan constitutes a "major federal action" that triggers the application of NEPA. The Court, therefore, concluded "USFS must comply with NEPA before ODFW or the Commission can implement the Reintroduction Plan." The Court's decision is merely a declaration of the requirements that NEPA and federal regulations impose on USFS under these circumstances. In fact, even though the Ninth Circuit in *Fund for Animals, Inc. v. Lujan*, 962 F.2d 1391, 1397-98 (9th Cir. 1992), concluded a court could enjoin state actors pursuant to NEPA if a state project required federal approval to proceed, this Court declined to exercise that authority.

## CONCLUSION

For these reasons, the Court **GRANTS** State Defendant's Motion for Reconsideration (#145), and, having reconsidered the merits of Defendant's arguments, the Court **DENIES** State Defendants'

5   -   OPINION & ORDER

request for the Court to alter or to amend its December 27, 2007, Opinion and Order.

    IT IS SO ORDERED.

    DATED this 28th day of January, 2008.

                                    /s/ Anna J. Brown

                                    ANNA J. BROWN
                                    United States District Judge